UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN BRENNAN,<br><br>          Plaintiff<br><br>v.<br><br>JONATHAN ROGERS and<br>THE TOWN OF YORK, MAINE<br><br>          Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 2:20-cv-00368-DBH<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS JONATHAN ROGERS AND THE TOWN OF YORK, MAINE'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COME Jonathan Rogers and the Town of York, Maine, by and through their attorneys, and respond to Plaintiff's Complaint as follows:

### NATURE OF THE CASE

I.  Defendants deny the allegations of this paragraph of the Complaint.

### JURISDICTION AND VENUE

II.  This paragraph states a legal conclusion to which no response is required.

### PARTIES

1.  Defendants admit the allegations of this paragraph of the Complaint.

2.  Defendants admit the allegations of this paragraph of the Complaint.

3.  Defendants admit the allegations of this paragraph of the Complaint.

### FACTS COMMON TO ALL COUNTS

4.  Defendants admit the allegations of this paragraph of the Complaint.

5.  Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny same.

6. Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny same.

7. Defendants are without sufficient information to either admit or deny the allegations in this paragraph and therefore deny same.

8. Defendants admit that Plaintiff turned his high beams on and off as he approached Officer Rogers' cruiser, but are without knowledge as to his intentions or reasons for doing so, and therefore deny the remainder of this paragraph.

9. Defendants admit that the southbound vehicle was a police cruiser driven by Officer Rogers, but are without knowledge as to whether Plaintiff knew that it was a York Police Department vehicle, and therefore deny the remainder of this paragraph.

10. Defendants admit that Officer Rogers made a U-turn in his vehicle after Plaintiff's vehicle passed by, but deny that this maneuver put him directly behind Plaintiff's vehicle, as Plaintiff had continued northbound and was some distance down the road by the time Officer Rogers got his cruiser positioned in the northbound lane.

11. Defendants admit that Plaintiff pulled his vehicle over to the right side of Route 1 before Officer Rogers activated his blue lights, but deny the implication that Officer Rogers was close behind Plaintiff's vehicle when he did so.

12. Defendants admit that Plaintiff exited his vehicle and started walking toward Officer Rogers' cruiser before it had even come to a stop, but are without knowledge regarding whether Plaintiff is familiar with other officers of the York Police Department and therefore deny same.

13. Defendants admit that Plaintiff, upon exiting his vehicle, began immediately and purposefully walking toward Officer Rogers, but deny this was done in a non-threatening manner.

14. Defendants admit that Officer Rogers drew his service weapon as Plaintiff walked toward him and ignored commands to stop.

15. Defendants admit the Officer Rogers had a K-9 in his cruiser and that the dog began barking, but deny that this would have made it difficult for Plaintiff to hear commands being shouted at him by Officer Rogers, who was out of the cruiser and only a short distance from Plaintiff.

16. Defendants deny that Plaintiff immediately put his hands up when ordered to do so, but admit that he eventually put his hands up for a time, before putting them back down again. Defendants admit that, even after putting his hands up, Plaintiff continued to walk toward Officer Rogers, ignoring commands to stop. Defendants are without information regarding why Plaintiff continued walking toward Officer Rogers, and therefore deny that it was simply to talk to him.

17. Defendants deny that Plaintiff complied with commands that he stop, except briefly after the fourth time Officer Rogers commanded him to stop.

18. Defendants admit that Plaintiff said "Who are you?" to Officer Rogers at one point in the encounter, after initially asking "What's wrong with you?" Defendants deny the remainder of this paragraph of the Complaint.

19. Defendants admit that Officer Rogers did not identify himself in response to Plaintiff's question, because he was at that time shouting commands to Plaintiff to stop moving, which Plaintiff was ignoring. Defendants deny the remainder of this paragraph of the Complaint.

20. Admit that Plaintiff made a dismissive gesture with his hand and began walking back toward his car, in defiance of orders for him to stop.

21. Defendants deny that Plaintiff complied with Officer Rogers' commands to stop moving. In response to one such command, which was given by Officer Rogers with his gun drawn, Plaintiff responded by saying "Shoot me."

22. Defendants admit that Officer Rogers warned Plaintiff that he would release the K-9, after Plaintiff refused to obey commands to stop moving, and to turn around and put his hands behind his back, and began aggressively walking toward Officer Rogers.

23. Defendants admit that Officer Rogers commanded Plaintiff to get on the ground, but deny it was immediately following his warning that he would let the dog loose. After Officer Rogers told Plaintiff to get on the ground, Plaintiff responded by putting his hands down and saying "Come on," and refusing commands to get on the ground.

24. Defendants deny the allegations of this paragraph of the Complaint.

25. Defendants admit that Officer Rogers eventually use the remote release to release the K-9 from the cruiser, but deny that Plaintiff was complying with Officer Rogers' commands to turn around and get on the ground when he activated the release.

26. Defendants admit the allegations of this paragraph of the Complaint.

27. Defendants deny the allegations of this paragraph of the Complaint.

28. Defendants deny the allegations of this paragraph of the Complaint.

29. Defendants admit that, as he struggled to overcome Plaintiff's resistance to being taken into custody, Officer Rogers tried to roll Plaintiff onto his stomach so he could be handcuffed and used an open hand strike to his face to try to get Plaintiff to stop resisting. Defendants deny the remainder of this paragraph of the Complaint.

30. Defendants admit that, as he struggled to overcome Plaintiff's resistance to being taken into custody, Officer Rogers at one point used a knee strike to Plaintiff's buttocks to try to get Plaintiff to stop resisting. Defendants deny the remainder of this paragraph of the Complaint.

31. Defendants admit that, in trying to get Plaintiff to roll over onto his stomach so he could be handcuffed, which he was refusing to do, Officer Rogers used the command "get on the ground" as he tried to roll Plaintiff over.

32. Defendants deny the allegations of this paragraph of the Complaint.

33. Defendants admit that the K-9 executed a "bite and hold," as he is trained to do, until Officer Rogers could get Plaintiff handcuffed and then get the dog to release. Defendants deny the remainder of the allegations of this paragraph of the Complaint.

34. Defendants admit the allegations of this paragraph of the Complaint.

35. Defendants deny the allegations of this paragraph of the Complaint.

36. Defendants admit that Plaintiff was transported by York EMS to York Hospital to receive treatment for his dog bites. Defendants are without sufficient information to admit or deny Plaintiff's employment status with York Hospital and therefore deny the remaining allegations of this paragraph of the Complaint.

37. Defendants admit the allegations of this paragraph of the Complaint.

38. Defendants are without sufficient information to either admit or deny the allegations of this paragraph of the Complaint and therefore deny same.

39. Defendants are without sufficient information to either admit or deny the allegations of this paragraph of the Complaint and therefore deny same.

40. Defendants are without sufficient information to either admit or deny the allegations of this paragraph of the Complaint and therefore deny same.

41. Defendants are without sufficient information to either admit or deny the allegations of this paragraph of the Complaint and therefore deny same.

42. Defendants are without sufficient information to either admit or deny the allegations of this paragraph of the Complaint and therefore deny same.

43. Defendants deny that Plaintiff was assaulted by Officer Rogers and the K-9. Defendants are without sufficient information to either admit or deny the remaining allegations of this paragraph of the Complaint and therefore deny same.

44. Defendants are without sufficient information to either admit or deny the allegations of this paragraph of the Complaint and therefore deny same.

45. Defendants are without sufficient information to either admit or deny the allegations of this paragraph of the Complaint and therefore deny same.

46. Defendants are without sufficient information to either admit or deny the allegations of this paragraph of the Complaint and therefore deny same.

47. Defendants are without sufficient information to either admit or deny the allegations of this paragraph of the Complaint and therefore deny same.

48. Defendants admit the allegations of this paragraph of the Complaint.

49. Defendants admit the allegations of this paragraph of the Complaint.

### COUNT I – 42 U.S.C. § 1983 – Excessive Force
### (Defendant Jonathan Rodgers)

50. Defendants repeat and reallege their responses contained in paragraphs 1 through 49 herein.

51. Defendants deny the allegations of this paragraph of the Complaint.

52. Defendants admit that Officer Rogers acted under color of law, but deny that he acted as related in this Complaint.

53. Defendants deny the allegations of this paragraph of the Complaint.

54. Defendants deny the allegations of this paragraph of the Complaint.

55. Defendants deny the allegations of this paragraph of the Complaint.

### COUNT II – 42 U.S.C. § 1983 – Unlawful Seizure
### (Defendant Jonathan Rodgers)

56. Defendants repeat and reallege their responses contained in paragraphs 1 through 55 herein.

57. Defendants deny the allegations of this paragraph of the Complaint.

58. Defendants admit that Officer Rogers acted under color of law, but deny that he acted as related in this Complaint.

59. Defendants deny the allegations of this paragraph of the Complaint.

### COUNT III – 42 U.S.C. § 1983
### (Defendant Town of York)

60. Defendants repeat and reallege their responses contained in paragraphs 1 through 59 herein.

61. Defendants deny the allegations of this paragraph of the Complaint.

62. Defendants deny the allegations of this paragraph of the Complaint.

63. Defendants deny the allegations of this paragraph of the Complaint.

64. Defendants deny the allegations of this paragraph of the Complaint.

65. Defendants deny the allegations of this paragraph of the Complaint.

66. Defendants deny the allegations of this paragraph of the Complaint.

67. Defendants deny the allegations of this paragraph of the Complaint.

### COUNT IV – Excessive Force – Assault and Battery
### Supplemental State Law Action
### (Defendants Jonathan Rodgers and Town of York)

68. Defendants repeat and reallege their responses contained in paragraphs 1 through 67 herein.

69. Defendants deny the allegations of this paragraph of the Complaint.

70. Defendants deny the allegations of this paragraph of the Complaint.

71. Defendants admit that Officer Rogers acted in the course of his employment with the Town of York, but deny that the town can be vicariously liable for his actions under state law, due to the immunity provisions of the Maine Tort Claims Act.

72. Defendants deny the allegations of this paragraph of the Complaint.

## COUNT V – Unlawful Arrest
## Supplemental State Law Action
## (Defendants Jonathan Rodgers and Town of York)

73. Defendants repeat and reallege their responses contained in paragraphs 1 through 72 herein.

74. Defendants deny the allegations of this paragraph of the Complaint.

75. Defendants admit that Officer Rogers acted in the course of his employment with the Town of York, but deny that the town can be vicariously liable for his actions under state law, due to the immunity provisions of the Maine Tort Claims Act.

76. Defendants deny the allegations of this paragraph of the Complaint.

## COUNT VI – Negligence
## (Defendants Jonathan Rodgers and Town of York)

77. Defendants repeat and reallege their responses contained in paragraphs 1 through 76 herein.

78. Defendants admit the allegations of this paragraph of the Complaint.

79. Defendants admit the allegations of this paragraph of the Complaint.

80. Defendants deny the allegations of this paragraph of the Complaint.

81. Defendants deny the allegations of this paragraph of the Complaint.

## COUNT VII – VIOLATION OF THEMAINE CIVIL RIGHTS ACT

82. Defendants repeat and reallege their responses contained in paragraphs 1 through 81 herein.

83. Defendants deny the allegations of this paragraph of the Complaint.

84. Defendants deny the allegations of this paragraph of the Complaint.

WHEREFORE, Defendants Jonathan Rogers and the Town of York respectfully request that Plaintiff's Complaint be dismissed and that they be awarded their costs of suit and such other relief as the Court deems just and appropriate.

## JURY DEMAND

Defendants Jonathan Rodgers and the Town of York hereby demand a trial by jury pursuant to F.R.Civ.P.38(b).

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3. Defendants affirmatively defend by stating that their conduct was privileged.

4. Defendants affirmatively defend by stating that Plaintiff has failed to mitigate his own damages.

5. Defendants affirmatively defend by stating any state law tort claims are barred for Plaintiff's failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

6. Defendants affirmatively defend by stating that any state law tort claims are barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

7. Defendants affirmatively defend by stating that Plaintiff's claims are barred by the doctrine of absolute immunity and/or qualified immunity.

8. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

9. Plaintiff's arrest was based upon probable cause.

10. Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

12. No clearly established rights of Plaintiff were violated by Defendants' actions.

13. Any use of physical force against Plaintiff during his arrest was caused by Plaintiff's refusal to submit to arrest without the need for Officer Rogers to use physical force against him to overcome his resistance to being taken into custody.

15. Plaintiff's claims are barred by the doctrine of estoppel and/or preclusion.

16. The Town of York Police Department has no history of complaints alleging unlawful arrest or the use of unreasonable force by its police officers that would have placed the municipality on notice of alleged deficiencies in training, supervision, or discipline of its officers regarding arrest powers and the lawful use of force, and Defendants specifically deny any such deficiencies.

17. The Town of York Police Department has no history of complaints alleging unlawful arrest by its police officers that would have placed the municipality on notice of alleged deficiencies in policies, practices or standard operating procedures related to arrest powers and the lawful use of force, and Defendants specifically deny any such deficiencies.

18. All training requirements imposed on York police officers by the Maine Criminal Justice Academy regarding arrest and the lawful use of force were fully met by the municipal Defendants and Defendant Rogers.

19. York police officers undergo additional training in the area of the lawful use of force, including special training regarding the use of K-9's, specifically, and such training had been completed by Officer Rogers prior to the date of Plaintiff's arrest.

20. Defendants have not procured any policy of liability insurance that would waive immunity or raise statutory damage limits for any claims pursued under state tort law.

21. Negligence on the part of Defendants, if any, was outweighed by the negligence of Plaintiff, and any recovery is barred under Maine's comparative negligence doctrine.

22. At all times while in the custody of the York Police Department, Plaintiff advised police and EMS personnel that his insulin pump was working properly and that he was not experiencing any side effects he would have expected to experience had his pump been disconnected or become inoperable during his arrest.

23. Plaintiff was taken promptly to the hospital for medical treatment following his arrest, and did not advise hospital personnel of any problems with his insulin pump, or otherwise alert them to any problems he was experiencing with his

24. Any decisions to seek medical treatment, or not seek treatment, after Plaintiff was released from custody were made entirely by Plaintiff, who is solely responsible for the results of his decisions.

Dated at Portland, Maine this 4th day of December, 2020.

       /s/ Edward R. Benjamin, Jr.
Edward R. Benjamin, Jr., Esq.
Kasia S. Park, Esq.

*Attorneys for Defendants*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

## CERTIFICATE OF SERVICE

I, Edward R. Benjamin, Jr., Esq. hereby certify that on December 4, 2020, I electronically filed the foregoing **Answer to Complaint and Demand for Jury Trial** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all parties of record.

                                        */s/ Edward R. Benjamin, Jr.*
                                        Edward R. Benjamin, Jr., Esq.

                                        *Attorney for Defendants*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME 04101
(207) 772-1941
ebenjamin@dwmlaw.com